UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER WOERNLE,

    Plaintiff,

v.                                                                                    CASE NO: 8:07-cv-973-T-23TBM

CHASE BANK USA, N.A.,

    Defendant.
_____/

## **ORDER**

The plaintiff Walter Woernle ("Woernle") moves (Doc. 20) for a summary judgment vacating a March 7, 2007, arbitration award by the National Arbitration Forum in favor of the defendant Chase Bank USA, N.A., ("Chase"). Woernle's contention that the undisputed facts demonstrate that Woernle was not bound to arbitrate his credit card debt dispute with Chase depends entirely on the effect of Chase's alleged failure to respond to Woernle's requests for admission under Rule 36, Federal Rules of Civil Procedure. In fact, Chase responded (Doc. 22 ¶ 9), although not within the time prescribed by Rule 36.[1] Because allowing Chase's untimely response promotes the

---

[1] About October 4, 2007, Woernle requested the admissions. Rule 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." See also United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992) ("[R]equests for admissions are automatically deemed admitted if not answered within 30 days, and . . . the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions."). Chase responded on December 12, 2007 (Doc. 22 ¶ 9), i.e., after Chase's thirty days had expired. Rule 36(a)(3) provides that a longer time for responding "may be stipulated to under Rule 29 or be ordered by the court," and Chase's counsel Fentrice Driskell ("Driskell") declares that Woernle orally agreed to extend the deadline for responding–first to November 26, 2007,

(continued...)

presentation of the merits of this action and causes no prejudice to Woernle,[2] the motion (Doc. 20) is **DENIED**.

ORDERED in Tampa, Florida, on April 7, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
and later to December 12, 2007.  However, Chase failed to obtain a signed stipulation from Woernle (Doc. 22 ¶ 9), and the alleged oral stipulation receives no consideration.  Local Rule 4.15 states: "Written Stipulations Required.  (a) No stipulation or agreement between any parties or their attorneys, the existence of which is not conceded, in relation to any aspect of any pending case, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted."

[2] See Fed. R. Civ. P. 36(b); Smith v. First Nat. Bank of Atlanta, 837 F.2d 1575, 1577 (11th Cir. 1988); Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312-13 (8th Cir. 1983); United States v. Lake Killarney Apartments, Inc., 443 F.2d 1170, 1170 (5th Cir. 1971); 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257 (1994) ("The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired.  Thus the court can, in its discretion, permit what would otherwise be an untimely answer.").  Arguably, Chase should have moved for leave to withdraw the admissions.  See United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir.1987) ("[T]he proper procedural vehicle through which to attempt to withdraw admissions made [as a result of failure to timely respond] is a motion under Rule 36(b) to withdraw admissions.").